**Opinion issued September 27, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00644-CR

————————————

**JOHNNY LOUIS TORRES JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 174th District Court
Harris County, Texas
Trial Court Case No. 1271728

## O P I N I O N

Johnny Louis Torres Jr. pleaded guilty to the offense of possession of a controlled substance, cocaine, weighing less than one gram. Torres acknowledged two prior felony conviction enhancements for robbery and the court assessed

punishment at twelve years' confinement. On appeal, Torres presents two points of error. First, Torres contends that the trial court failed to order a substance abuse evaluation, as required by Texas Code of Criminal Procedure article 42.12 section 9(h). Second, because the trial court did not make express oral or written findings on the enhancement paragraphs and imposed a sentence that was outside the range of punishment absent those findings, Torres alleges the trial court imposed a sentence not authorized by law. We affirm.

## Background

On September 8, 2010, a Harris County grand jury issued an indictment against Torres, accusing him of committing the felony offense of possessing a controlled substance, cocaine, weighing less than one gram. Torres pleaded guilty to the indictment which read that on or about July 23, 2010, Torres did then and there unlawfully, intentionally and knowingly possess cocaine, weighing less than one gram. The indictment included two enhancement paragraphs stating that on October 9, 2003, Torres was convicted of felony robbery and before the primary offense and after the above 2003 robbery conviction, Torres was convicted of felony robbery on March 23, 2007. The State filed a notice of the intention to use eight extraneous offenses. Torres signed a waiver entering a guilty plea and waiving his right to trial by jury.

**Discussion**

**Substance Abuse Evaluation**

Torres contends that the trial court erred by failing to determine whether he was a candidate for drug treatment under Texas Code of Criminal Procedure article 42.12 section 9(h). According to Torres, the trial court was required to conduct an evaluation to determine the appropriateness of drug rehabilitation because the pre-sentence investigation report indicates past drug abuse and the present case is for possession of a controlled substance.

Article 42.12 section 9(h) provides that, on a determination by a judge that alcohol or drug abuse may have contributed to the commission of the offense, the judge shall direct the preparation of an evaluation to determine if alcohol or drug rehabilitation is appropriate for the defendant. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(h) (West 2011). If the judge assesses punishment, then the evaluation shall be made after conviction and before sentencing. *Id.* The evaluation is mandatory if there is a determination that alcohol or drug abuse "may have contributed to the commission," but the statute does not specify whether this determination is to be made sua sponte by the judge, or whether the defendant must request such a finding in order to trigger the evaluation requirement. *See id.*; *Caster v. State*, 87 S.W.3d 751, 752 (Tex. App.—Texarkana 2002, no pet.).

3

We need not address that issue because the contention Torres raises on appeal was not raised in the trial court. *Caster*, 87 S.W.3d at 752. A timely objection, request, or motion is a prerequisite to presenting a matter for appellate review. TEX. R. APP. P. 33.1. In *Alberto v. State*, the court found that article 42.12 section 9(h) is mandatory but "a party must assert his right to a substance abuse evaluation or it is waived." *Alberto v. State*, 100 S.W.3d 528, 529 (Tex. App.—Texarkana 2003, no pet.); *Caster*, 87 S.W.3d at 752 (holding that in absence of objection or request for article 42.12 section 9(h) evaluation this issue may not be addressed on appeal). Because Torres did not raise this issue in the trial court, we conclude Torres failed to preserve it for appellate review. *See Alberto*, 100 S.W.3d at 529.

We overrule Torres's first issue.

**Imposition of Sentence Not Authorized by Law**

Torres next contends that the imposed sentence is not authorized by law under *Ex parte McIver*, 586 S.W.2d 851 (Tex. Crim. App. 1979) and Texas Penal Code sections 12.35(b) and 12.425(b). He argues that there was no plea recorded for the enhancements, the trial court made no findings on whether the allegations in the enhancement paragraphs were true, and there was no evidence from which the trial court could have implicitly found them to be true. Accordingly, Torres contends, the twelve-year sentence imposed was outside the punishment range

4

absent findings of true to the enhancement paragraphs, and was therefore excessive, illegal, and void.

Possession of a controlled substance, cocaine, weighing less than one gram is a state jail felony and has a range of imprisonment of not less than six months to not more than two years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2009); *see also* TEX. PENAL CODE ANN. § 12.35(a) (West 2011). Section 12.425, setting forth the penalties for repeat and habitual felony offenders on trial for a state jail felony, provides that:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425(b) (West 2011). "An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than [twenty] years or less than [two] years . . . [and] may be punished by a fine not to exceed $10,000." TEX. PENAL CODE ANN. § 12.33 (West 2009).

### 1. Adequate Record of Plea for the Enhancements

Torres argues that no plea or stipulation of "true" was recorded regarding the enhancements during the sentencing phase. Article 26.13 of the Texas Code of Criminal Procedure requires a trial court, before accepting a guilty plea, to

admonish a defendant of: "(1) the range of punishment; (2) the fact that the State's punishment recommendation is not binding on the trial court; (3) the limited right to appeal; (4) the possibility of deportation if the defendant is not a United States citizen; and (5) any applicable registration requirements." *Ford v. State*, 243 S.W.3d 112, 116 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West 2011)). The admonitions may be made either orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d).

Here, the record reflects that Torres was admonished in writing. In a document entitled "Admonishments," Torres was admonished that, as a habitual offender, the range of punishment was imprisonment for not less than two and no more than twenty years plus a fine up to $10,000. Torres acknowledged in writing that he read the indictment, including the enhancement paragraphs, and that he committed "each and every element alleged." Furthermore, Torres signed a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" (the "judicial confession"), in which he acknowledged and agreed that he was entering a plea of guilty and waiving his right to trial by jury. The judicial confession stated that Torres understood the allegations, including the enhancement paragraphs, confessed that they are true, and intended to enter a plea of guilty. Because the allegations included the two enhancement paragraphs, Torres's judicial confession included a confession that the enhancement paragraphs

were also true. *Wilburn v. State*, No. 01-07-00830-CR, 2008 WL 2611933, at *3 (Tex. App.—Houston [1st Dist.] July 3, 2008, pet. denied) (mem. op., not designated for publication) (finding that defendant's confession to primary offense also confessed truth of prior offenses listed in judicial confession). Additionally, a plea of "guilty" to an indictment containing enhancement allegations constitutes a plea of "true" to the enhancement allegations. *Frank v. State*, No. 09-02-180-CR, 2002 WL 31322774, at *2 (Tex. App.—Beaumont Oct. 16, 2002, no pet.) (not designated for publication) (concluding if defendant pleaded guilty to primary offenses in indictment, then defendant also pleaded guilty to any enhancement allegations included in indictment). We therefore reject Torres's contention that he did not plead true to the enhancements.

### 2. Implied Findings Made by the Trial Court

Torres next contends that the judgment and sentence reflect no findings on the enhancement allegations and, without those findings, his sentence was not authorized by law because it is outside the penalty range for the offense for which he was convicted. The trial court did not make express findings regarding the enhancement paragraphs but marked "N/A" in the space in which it should have indicated Torres's plea and its findings on the first and second enhancement paragraphs.

A trial court makes an implied finding of true to an enhancement allegation when the record establishes the truth of that allegation. *See Wilburn*, 2008 WL 2611933, at *3 (citing *Almand v. State*, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976)). Additionally, appellate courts have concluded that a trial court implied a finding of true to an enhancement allegation if the sentence imposed was outside of the range for the underlying offense, but was in the range for the offense as enhanced by a prior conviction to which the defendant has confessed. *See Garner v. State*, 858 S.W.2d 656, 659–60 (Tex. App.—Fort Worth 1993, no pet.) (noting that trial court assessed defendant's punishment at twenty-five years and that maximum punishment defendant could receive without finding on enhancements was ten years); *Harris v. State*, No. 05-02-01728-CR, 2005 WL 639388, at *1 (Tex. App.—Dallas Mar. 21, 2005, pet. denied) (holding that, even though trial court made no oral or written findings on two prior convictions, punishment imposed by trial court fell within enhanced range and trial court had impliedly found enhancement paragraphs to be true).

Here, the trial court admonished Torres that he was subject to an enhanced punishment range because of two previous felony convictions and the second previous felony conviction was for an offense that occurred after the first conviction became final. The punishment range with the enhancements would be a term of confinement not more than twenty years or less than two years and a fine

8

not exceeding $10,000. Torres acknowledged the enhanced punishment range by initialing beside the admonishment. Torres also initialed and acknowledged that he read the indictment, which included the enhancement paragraphs, and that he had "committed each and every element alleged." The trial court imposed a sentence of twelve years' confinement—a sentence which is outside the range for a state jail felony but within the range for a state jail felony enhanced by two prior felony convictions. Although the trial court did not make a written finding of true in its judgment as to the enhancement allegations, the record establishes that the trial court impliedly made such a finding based on Torres's judicial confession. *See Almand*, 536 S.W.2d at 379; *see also Garner*, 858 S.W.2d at 659–60; *Harris*, 2005 WL 639388, at *1. Accordingly, we conclude that the trial court made implied findings of true to both enhancement allegations. *See Wilburn*, 2008 WL 2611933, at *3; *Garner*, 858 S.W.2d at 659–60; *Harris*, 2005 WL 639388, at *1.

### 3. Implied Findings Supported by the Record

Torres's next argument is that there is no evidence from which the trial court could make an implied finding that he was convicted of the alleged previous offenses in the enhancement paragraphs. Once a defendant pleads true to the enhancement allegations, the State is relieved of its burden to prove the allegations "because a plea of 'true' constitutes 'evidence and sufficient proof to support the enhancement allegation.'" *Ford*, 243 S.W.3d at 117 (quoting *Wilson*, 671 S.W.2d

9

at 526). In the present case, the trial court admonished Torres that he was subject to an enhanced punishment range and Torres acknowledged the admonishment. Torres signed a written judicial confession, admitting to both the current offense of felony possession of a controlled substance, cocaine, less than one gram and the prior felony robbery convictions in 2003 and 2007. We conclude that the record contains sufficient evidence from which the trial court could make implied findings on the enhancement paragraphs. *See Wilburn*, 2008 WL 2611933, at *3.

Having concluded that Torres pleaded true to both enhancement paragraphs and that the trial court impliedly found the allegations in both enhancement paragraphs to be true, we hold that the sentence imposed by the trial court was not outside the penalty range for which Torres was convicted.

We overrule Torres's second issue.

**Modification of Judgment**

Although Torres pleaded true to the enhancement paragraphs, on the judgment, the trial court entered "N/A" where it should have noted Torres's pleas of true and the trial court's findings of true with respect to each enhancement paragraph. "[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston

10

[1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). Because Torres pleaded true to the enhancement paragraphs and because we determine that the trial court impliedly found the enhancement paragraphs true, we conclude that we have the necessary evidence to correct the judgment. *Harris*, 2005 WL 639388, at *2. Accordingly, we modify the judgment to reflect that Torres pleaded true to both enhancement paragraphs in the indictment and to reflect the trial court's implied findings of true on the enhancement paragraphs.

## Conclusion

We overrule Torres's two issues, but we modify the judgment to reflect that Torres pleaded true to both enhancement paragraphs and that the trial court found the allegations in both enhancement paragraphs to be true. We affirm the judgment as modified.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish. TEX. R. APP. P. 47.2(b).

11