**Affirmed and Affirmed as Modified and Opinion Filed June 4, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00598-CR**

**No. 05-13-00599-CR**

**No. 05-13-00600-CR**

**No. 05-13-00601-CR**

**No. 05-13-00602-CR**

**PATRICIA DONALDSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-10-00433-S,F10-00435-S,F10-00447-S,F10-00448-S,F11-00266-S**

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice FitzGerald

We grant the State's motion for rehearing and withdraw our prior opinion. Appellant was

convicted of tampering with a governmental record (three counts), making a false statement to

obtain property and credit, and falsely holding oneself out as a lawyer. In six issues on appeal,

appellant asserts the punishment assessed for two of the convictions is outside the range for a

state jail felony and there is insufficient evidence in each case to support the award of costs.

Appellant also requests that we reform the judgment to reflect the correct statutory reference for

her conviction in cause number 05-13-00602-CR. We modify the judgments in cause nos. 05-13-

00598-CR, 05-13-00599-CR, and 05-13-00602-CR, and we affirm those judgments as modified. We affirm the judgments in cause nos. 05-13-00600-CR and 05-13-00601-CR.

## BACKGROUND

Appellant was charged in five indictments, waived her right to a jury trial as to each, and entered open pleas of guilty before the court. In cause number F10-00433-S (appellate cause no. 05-13-00598-CR), appellant was charged with making a false statement to obtain property or credit, greater than or equal to $1,500, but less than $20,000. In cause numbers F10-00435-S (appellate cause no. 05-13-00599-CR), F10-00447-S (appellate cause no. 05-13-00600-CR), and F10-00448-S (appellate cause no 05-13-00601-CR), appellant was charged with tampering with a governmental record. In cause number F11-00266-S (appellate cause no. 05-13-00602-CR), appellant was charged with falsely holding herself out as a lawyer. Each indictment was enhanced by the same two prior felony convictions, credit card abuse and mail fraud. Appellant entered pleas of true to the enhancement paragraphs. Appellant's judicial confessions were admitted into evidence without objection.

At the sentencing hearing, the State presented testimony from numerous witnesses, including the special agent who investigated appellant's student loan fraud, the officer who arrested appellant and seized a trunk load of documents showing various identities appellant used to perpetrate her schemes, the son of appellant's boyfriend who assisted his father and appellant in obtaining private education loans, associate financial aid directors from two local universities, an investigator who investigated an FHA insured mortgage in which appellant prepared the loan documents, and a woman who hired appellant as her divorce attorney.

In each of the five cases, the trial court imposed a sentence within the range provided for second degree felonies.[1]

## ANALYSIS

### *Enhancement*

In her first and second issues, appellant argues the trial court's punishment in her two state jail felony cases is outside the range of punishment for a state jail felony.[2] Appellant was sentenced to ten years' imprisonment in cause number F10-00433-S for making a false statement and five years' imprisonment in cause number F10-00435-S for tampering with a governmental record. Appellant asserts that the trial court did not make a finding as to the second enhancement paragraph alleged in each of these two indictments, and proof of only one prior conviction does not enhance a state jail felony to a second degree felony under these circumstances. As a result, appellant argues the sentences are void and she is entitled to a new punishment hearing.

Both of the crimes at issue, tampering with a governmental record and making a false statement to obtain property or credit in the amount of $1500 or more but less than $20,000, are state jail felonies. *See* TEX. PENAL CODE ANN. § 32.32(b), (c)(4) (West 2011); TEX. PENAL CODE ANN. § 37.10(a)(1), (c)(1) (West Supp. 2013). A state jail felony is punishable by confinement in a state jail for not more than two years or less than 180 days and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.35 (a), (b) (West Supp. 2013).

One of the code provisions for punishing a state jail felony as a second degree felony provides for enhancement if the prior offense used for enhancement involved trafficking of

---

[1] Appellant was sentenced to five years' imprisonment for one of the tampering with a governmental record charges and for falsely holding oneself out as a lawyer and was sentenced to ten years' imprisonment on the remaining charges, with all sentences to run concurrently.

[2] Only two of the charged offenses, the false statement case (no. F10-00433-S) and one of the tampering with governmental records cases (no. F10-00435-S), were state jail felonies. The other two tampering cases (no. F10-00447-S and no. F10-00448-S) were third degree felonies punishable as second degree felonies under section 12.42(a) of the penal code. The case for falsely holding herself out as a lawyer (no. F11-00266-S) was a third degree felony under section 38.122 of the penal code. Appellant challenges only the sentences relating to the two state jail felony convictions.

persons or continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (West Supp. 2013); *id.* § 12.425(c). However, appellant's prior felony convictions did not involve trafficking of persons or continuous sexual abuse of a child, and, therefore, the enhancement provisions of section 12.35(c)(2)(A) do not apply.

Appellant does not address section 12.425(b), the provision which provides for enhancement of a state jail felony upon proof of two prior felony convictions. Specifically, section 12.425(b) provides:

> If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two felonies other than a state jail felony . . . and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2013). A second degree felony is punishable by a term of imprisonment of not more than twenty years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (West 2011).

Appellant entered a guilty plea to all of the charges and pled true to both enhancement paragraphs in the indictments. These enhancements read:

> And it is further presented to said Court that prior to the commission of the offense set out above, the defendant was finally convicted of the felony offense of Credit Card Abuse, in the Criminal District Court No. 5 of Dallas County, Texas, in Cause Number F-9233828, on the 2nd day of July, 1992,
>
> And that prior to the commission of the offense for which the defendant was convicted as set out above, the defendant was finally convicted of the felony offense of Mail Fraud in the Federal District Court of the Honorable Judge Robert B. Maloney, for the Northern District of Texas, in Cause Number 3:90-Cr-00193-T.

Pen packets for both of the enhancement offenses were admitted into evidence.

At the beginning of the sentencing hearing, the trial judge stated:

This is a continuation of a hearing that started yesterday in which Ms. Donaldson entered a guilty plea to the offenses as alleged in indictments and true to the enhancement paragraphs. The Court found the evidence sufficient to find the enhancement paragraphs true and found the evidence sufficient to find Ms. Donaldson.

Today is the continuation of that hearing to make a determination whether or not a finding of guilty should be made, or whether any finding of guilt should be deferred for a period of years.

Prior to pronouncing the sentences, the trial judge stated:

What happened is this -- and I needed to make sure and I've got this -- the info on this. In regards to the enhancement paragraphs, I don't know if this counts as two. And the reason I think that the federal time could count as one -- one enhancement paragraph and the -- the State time could count as the other. But the sentences were running together or concurrently. And that's my question -- legal question is going to be is, can sentences that run together count as separate enhancement paragraphs?

The court then made the following pronouncements with regard to the tampering and the false statement cases:

Each side having rested and closed, the defendant having entered pleas of guilty and pleas of true to the enhancement paragraphs, the Court has accepted the pleas of guilty and -- and the pleas of true to the enhancement paragraphs in all of the matters before the Court.

Cause Number F10-00433, the defendant's found guilty. First enhancement paragraph is found to be true. **The Court[] makes no finding in Cause Number 390-CR-0193-T.** The defendant is sentenced to 10 years TDC. No fine. . . . In Cause Number F10-00435, the defendant's found guilty. The first enhancement paragraph is -- is found to be true. **There's no finding in Cause Number 390-CR-00193-T.** This is the social security card case. In that case, the defendant is sentenced to five years TDC with no fine.

(Emphases added.)

For appellant's sentence to be enhanced based on prior convictions, the State had the burden to prove the convictions were final convictions under the law and appellant was the person convicted of these offenses. *See Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984).

When a defendant pleads "true" to an enhancement paragraph, the State's burden of proof is satisfied. *Dinn v. State*, 570 S.W.2d 910, 915 (Tex. Crim. App. 1978). When a trial court fails to make a written or oral finding of "true," courts will typically imply that the court made such a finding if it is affirmatively reflected in the record. *See Almand v. State*, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976); *Harris v. State*, No. 05-02-01728-CR, 2005 WL 639388, at *2 (Tex. App.—Dallas March 21, 2005, pet. ref'd) (mem. op., not designated for publication).

The record shows that in each case appellant entered a plea of guilty, signed a judicial confession, and pled true to both enhancement paragraphs. With respect to any purported deficiency in the second enhancement paragraph, appellant never challenged the mail fraud conviction by arguing the federal sentence ran concurrently with the sentence imposed in the credit card abuse case. Our review of the exhibits in evidence confirms the sentences imposed did not run concurrently.

The record also shows that in each case the trial court expressly accepted appellant's plea of true to the enhancement paragraphs and found the enhancement paragraphs true. Immediately prior to imposing sentence, the trial court did pose a legal question as to whether concurrent sentences could count as separate enhancement paragraphs but did not pursue the matter. The question is whether we should attach any significance to the trial judge's oral statement that no finding was being made on the second enhancement paragraph, or to the judgment, which recites a finding of "TRUE" as to the first enhancement paragraph and "N/A" as to the second enhancement paragraph. We conclude that these statements have no significance because the trial court had previously accepted appellant's plea of true to the second enhancement paragraph, had previously found the allegations in the second enhancement paragraph to be true, and never withdrew the prior finding. Moreover, the trial court assessed punishments consistent with implied finding that the second enhancement paragraph was true.

Our conclusion is supported by the *Harris* case, in which the defendant challenged his sentence because the trial court made no oral or written findings about the two necessary enhancement paragraphs to which the defendant had pled true. 2005 WL 639388, at *1. Moreover, the judgment recited "N/A" in the blanks for findings on the enhancement paragraphs. *Id*. at *2. We rejected his argument, concluding that the trial court "implicitly found the enhancement paragraphs to be true and sentenced appellant accordingly." *Id*. at *2. Similarly, in *Torres v. State*, 391 S.W.3d 179 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd), Torres pleaded true to enhancement paragraphs, but the trial court made no express findings about the enhancement paragraphs and marked "N/A" on the judgment in the blanks where it should have indicated Torres's plea and the court's findings. *Id*. at 183. On appeal, Torres raised the lack of findings as error, but the court of appeals rejected his argument, concluding that the record supported implicit findings based on Torres's judicial confession and on the fact that the sentence imposed was within the range for the enhanced offense but not within the range for the offense without enhancements. *Id*. at 183–84. Because the trial judge in this case initially made an express finding that the enhancement paragraphs were true, the record in this case presents even stronger support for implicit findings than did the records in *Harris* and *Torres*.

We conclude appellant's pleas of true to both enhancement paragraphs satisfied the State's burden of proof to show the allegations in the enhancement paragraphs to be true as required by section 12.425(b). In addition, the State's undisputed evidence clearly showed the allegations in the enhancement paragraphs to be true. Under such circumstances, the law provides that appellant "shall be punished for a felony of the second degree," under section 12.425(b). The trial court imposed sentences which were within the punishment range for a second degree felony. Thus, we conclude the punishment for the state jail felonies was properly enhanced. *See* TEX. PENAL CODE ANN. § 32.32(b), (c)(4); TEX. PENAL CODE ANN. § 37.10(a)(1),

(c)(1); TEX. PENAL CODE ANN. § 12.425(b).   Appellant's first and second issues are without merit.   Like the courts in *Harris* and *Torres*, we modify the judgments to correctly reflect the trial court's implicit finding that the second enhancement paragraph was true.  *See Torres*, 391 S.W.3d at 185; *Harris*, 2005 WL 639388, at *2.

### *Reformation of the Judgment*

In her third issue, appellant argues the judgment in cause number F11-00266-S should be reformed to reflect the correct penal code section for the offense for which she was convicted. The State agrees that reformation is appropriate.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P.  43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Appellant was convicted for falsely holding herself out as a lawyer, a violation of TEX. PENAL CODE ANN. § 38.122 (West 2005). The judgment of conviction, however, states that the statute for the offense is "38.112 Penal Code." The record reflects that this statutory reference is in error. Therefore, we reform the judgment in cause number F11-00266-S to reflect that the statute for the offense is TEX. PENAL CODE ANN. § 38.122.

### *Court Costs*

In her fourth, fifth, and sixth issues, appellant contends the evidence is insufficient to support the trial court's assessment of $240 in court costs in cause numbers F10-0047-S and F10-0048-S, and $244 in cause number F11-00266-S because the record does not contain a copy of the bill of costs. After appellant filed her brief, we ordered the District Clerk's office to file a

supplemental bill of costs, and the clerk complied. Appellant filed an objection to the supplemental clerk's record.

The record before us now contains a bill of costs. Appellant's complaints have been previously addressed and rejected by this Court and the court of criminal appeals. *See Johnson v. State*, 423 S.W.3d 385, 391–96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). Appellant's objections and fourth, fifth, and sixth issues are overruled.

## CONCLUSION

We modify the judgments in cause nos. 05-13-00598-CR and 05-13-00599-CR to reflect findings of "TRUE" as to the second enhancement paragraphs, and we affirm those judgments as modified. We modify the judgment in cause no. 05-13-00602-CR to reflect that the correct statute for the offense is TEX. PENAL CODE ANN. § 38.122, and we affirm that judgment as modified. We affirm the judgments in cause nos. 05-13-00600-CR and 05-13-00601-CR.

/Kerry P. FitzGerald/

Do Not Publish                 KERRY P. FITZGERALD
TEX. R. APP. P. 47              JUSTICE
130598F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00598-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-00433-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect a finding of "TRUE" instead of "N/A" for "Findings on 2nd Enhancement/Habitual Paragraph." As modified, the judgment is **AFFIRMED**.


Judgment entered June 4, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00599-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1000435-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect a finding of "TRUE" instead of "N/A" for "Findings on 2nd Enhancement/Habitual Paragraph." As modified, the judgment is **AFFIRMED**.

Judgment entered June 4, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00600-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-00447-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED.**

Judgment entered June 4, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00601-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-10-00448-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED.**

Judgment entered June 4, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICIA DONALDSON, Appellant

No. 05-13-00602-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-11-00266-S.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that the correct statute for the offense is Texas Penal Code § 38.122. As modified, the judgment is **AFFIRMED**.

Judgment entered June 4, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE