COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:      Thomas Freeman v. The State of Texas

Appellate case number:   01-13-00342-CR

Trial court case number:  1280765

Trial court:                     178th District Court of Harris County

The reporter's record indicates that the trial court, in its oral pronouncement of judgment, assessed two different punishments for Appellant, Thomas Freeman. *See* 21 R.R. at 23. The trial court ordered that Appellant be sentenced to 18 years' confinement and that Appellant be sentenced to 25 years' confinement. *Id.* There is no indication in the record of whether the sentence of 25 years' confinement was an intentional change or an inadvertent misstatement.

The written judgment indicates that Appellant's sentence is 25 years' confinement. Appellant argues on appeal that there is a conflict between the oral pronouncement of judgment and the written judgment. When there is a conflict between the oral pronouncement of judgment and the written judgment, the oral pronouncement controls. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

Courts of Appeals have the authority to correct and reform a trial court's judgment when it has the necessary information and data to do so. *Torres v. State*, 391 S.W.3d 179, 185 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). In contrast, rule 44.4 of the Texas Rules of Appellate Procedure prohibits a court of appeals from affirming or reversing a judgment if an action by the trial court "prevents the proper presentation of a case to the court of appeals" if that action can be corrected by the trial court. TEX. R. APP. P. 44.4(a).

Accordingly, we abate the appeal and remand the case to the trial court. The trial court is ordered to issue findings of fact and conclusions of law resolving the conflict in the oral pronouncement. If necessary, the trial court is authorized to correct any *clerical* errors in its written judgment. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (recognizing authority of trial courts to correct clerical errors—corrections in written judgment to reflect actual judgment—in judgment nunc pro tunc). A new punishment may not be assessed. *See State v. Aguilar*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005) (holding modifications to sentence cannot be made after day of assessment of initial sentence). The trial court is ordered to take these actions no later than 45 days from the date of this order.

The district clerk is ordered to prepare and file with this Court a supplemental clerk's record containing any additional orders signed by the trial court in response to this abatement order. Such supplemental clerk's record shall be sent to this Court no later than 60 days from the date of this order. If any record is created of any hearing ordered or granted by the trial court, the court reporter is ordered to prepare and file a supplemental reporter's record no later than 60 days from the date of this order. The cost of preparing this record will be assessed as part of the costs of this appeal upon issuance of this Court's judgment.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature:  /s/ Laura Carter Higley
                         Acting individually


Date:  June 26, 2014