

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00196-CR
### NO. 02-14-00197-CR
### NO. 02-14-00198-CR

JESSE RIOJAS BELTRAN                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NOS. CR13-0658, CR13-0659, CR13-0660

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jesse Riojas Beltran appeals his convictions for evading arrest with a vehicle in cause number 2-14-00196-CR and assault on a public servant in cause numbers 2-14-00197-CR and 2-14-00198-CR. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2014), § 38.04 (West 2011 & Supp. 2014). Beltran's

---

[1]*See* Tex. R. App. P. 47.4.

court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Beltran had the opportunity to file a pro se brief but did not do so. The State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgments in cause numbers 2-14-00197-CR and 2-14-00198-CR require modification to reflect the correct pleas to the enhancement allegations and the trial court's enhancement findings. These two judgments currently reflect "NA" as to the pleas to the first and second enhancement paragraphs and the findings on those paragraphs, but as reflected in the judgment in cause number 2-14-00196-CR and the record of the hearing on all three causes, Beltran pleaded "true" to both enhancement allegations, and the trial court found both allegations "true." Further, the sentences assessed in

both of these cause numbers imply that the trial court found both allegations to be true.  *See Torres v. State*, 391 S.W.3d 179, 183–85 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).  Therefore, we modify these two judgments to reflect that Beltran pleaded "true" to both enhancement allegations and that the trial court found both to be true.  *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

Except for these two necessary modifications to the judgments in cause numbers 2-14-00197-CR and 2-14-00198-CR, we agree with counsel that all three appeals are wholly frivolous and without merit; we find nothing else in the record that might arguably support them.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw, affirm the trial court's judgment in cause number 2-14-00196-CR, and affirm the trial court's judgments as modified in cause numbers 2-14-00197-CR and 2-14-00198-CR.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 6, 2015

3