**Opinion issued October 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00944-CR

————————————

## VICTOR LENARD HAMMONDS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1402604**

---

## MEMORANDUM OPINION

After Victor Hammonds pleaded guilty to intoxication assault, the trial court sentenced him to ten years' confinement in the Texas Department of Criminal Justice Institutional Division. On appeal, Hammonds contends that the trial court

erred by failing to include a drug and alcohol evaluation in the presentencing investigation (PSI) report. We affirm.

## Background

Hammonds pleaded guilty to intoxication assault and pleaded true to using a deadly weapon during the assault. The trial court ordered a PSI report before conducting a punishment hearing. At the hearing, the trial court inquired whether Hammonds had objections or corrections to the PSI report. Hammonds responded by noting an ambiguity regarding his prior criminal record and that he otherwise had no changes to the report:

> THE COURT: Are there any objections to the report, additions or deletions that need to be made?
>
> ****
>
> [DEFENSE COUNSEL]: Other than that [noting that it was ambiguous whether Hammonds's DWI probation had been discharged], the defense would have no modifications to the PSI, Your Honor.

The trial court considered the presentencing report at the punishment hearing. In the report, Hammonds related his family history and his own alcohol and drug abuse history and his earlier efforts at sobriety and in substance abuse treatment programs. The report also contained evidence of the serious nature of the complainant's injuries and of Hammonds's previous convictions, two for driving while intoxicated and one for aggravated robbery. At the conclusion of the

2

hearing, the trial court sentenced Hammonds to ten years' confinement in the Texas Department of Criminal Justice Institutional Division.

## Discussion

Hammonds argues for the first time on appeal that the trial court erred by failing to require a drug and alcohol evaluation in the PSI report, which is a statutorily required element of the report when alcohol or drug abuse may have contributed to the commission of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(h) (West 2011) (providing that "[o]n a determination by the judge that alcohol or drug abuse may have contributed to the commission of the offense . . . the judge shall direct a supervision officer . . . to conduct an evaluation").

The State does not dispute that section 9(h) applies to Hammonds's offense. It responds, however, that Hammonds waived this complaint because he did not object to the lack of a substance abuse evaluation in the trial court. A timely objection, request, or motion is prerequisite to presenting a matter for appellate review. *See* TEX. R. APP. P. 33.1 ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . .")

Our court has held that preservation of error rules apply to matters to be included in a presentencing investigation report, including a substance evaluation. *Torres v. State*, 391 S.W.3d 179, 182 (Tex. App.—Houston [1st Dist.] 2012, pet.

3

ref'd) (holding that Torres waived his right to a substance abuse evaluation when he failed to assert his right at trial).

Hammonds relies on *Garrett v. State* to reply that an objection to the lack of a substance abuse evaluation is not required to raise the issue on appeal. *See* 818 S.W.2d 227, 229 (Tex. App.—San Antonio 1991, no pet.) (holding that defendant who appeared to have a mental impairment did not waive right to a psychological evaluation under art. 42.12 § 9(i) by failing to raise the issue at trial). In *Garrett,* however, the defendant had a history of mental illness and the trial court held a competency hearing; during the punishment phase, there was no PSI or mental health evaluation. *See id.* The San Antonio Court of Appeals held that a "[c]onsidering the appellant's history of mental illness . . . it appears the appellant may have had a mental impairment. Therefore, a presentence investigation was required." *See id.* In this case, in contrast, the trial court ordered the investigation, there was no challenge to Hammonds's competency, and the trial court inquired whether counsel had any objections to the report.

Our court, as well as several of our sister courts, have declined to follow *Garrett* in circumstances where competency is not an issue and a report was prepared. *See Morris v. State,* 01-14-00511-CR, 2016 WL 3438228, at *4 (Tex. App.—Houston [1st Dist.] June 21, 2016, pet. ref'd)**;** *see also Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd) (holding that right to a PSI

4

report provided for by article 42.12, section 9(a) is subject to procedural default and may be forfeited by inaction); *Nguyen v. State*, 222 S.W.3d 537, 542 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding that a party must object to the omission of a psychological evaluation from the PSI report to preserve error)); *Eldridge v. State*, 2-09-050-CR, 2009 WL 3819579, at *1 (Tex. App.—Fort Worth Nov. 12, 2009, no pet.) (mem. op., not designated for publication) (holding that defendant who did not object to trial court's failure to include a psychological evaluation waived his right to the evaluation); *but see Elmore v. State*, 07-04-0587-CR, 2005 WL 2347401, at *3 (Tex. App.—Amarillo Sept. 26, 2005, pet. ref'd) (mem. op., not designated for publication) (holding that *Garrett* applies when a trial court orders a PSI). Following our court's precedent in *Morris,* we decline to follow *Garrett* under the facts presented in this case; thus, we hold that a defendant must object to the lack of a substance abuse evaluation to raise it on appeal. *See Morris*, 2016 WL 3438228, at *4; *Torres,* 391 S.W.3d at 182.

Hammonds did not object in the trial court that the PSI report failed to include an alcohol and drug assessment. Accordingly, we hold that Hammonds failed to preserve his challenge to the adequacy of the PSI report. *See Torres,* 391 S.W.3d at 182.

## Conclusion

We affirm the judgment of the trial court.


                                               Jane Bland
                                               Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).

6