**Affirmed as Reformed and Opinion Filed August 3, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00101-CR

**JESSIE ONEAL DAWKINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-1575397-L**

## MEMORANDUM OPINION
Before Justices Bridges, Myers, and Brown
Opinion by Justice Bridges

Jessie Oneal Dawkins appeals his assault, family violence conviction. A jury convicted appellant, and the trial court sentenced him to twenty-five years' confinement. In three issues, appellant argues the State abandoned the allegations in a special notice of intent to enhance punishment, the sentence is illegal because it is outside the punishment range, and the judgment should be reformed to properly reflect the offense for which he was convicted and the degree of the offense. As reformed, we affirm the trial court's judgment.

In May 2015, appellant was charged by indictment with assault, family violence, by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the complainant by applying pressure to the complainant's throat and neck and by blocking the complainant's nose and mouth, and appellant had previously been convicted of an offense

involving family violence. The indictment contained an enhancement paragraph alleging a 1987 burglary of a motor vehicle conviction. In December 2015, the State filed a notice of intent to enhance punishment alleging burglary of a building convictions in 1983 and 1985 and a notice of extraneous offenses alleging three additional assault offenses; two assault, family violence, offenses; two theft offenses, and three burglary offenses. Appellant pled not guilty, but a jury convicted him of the lesser-included, third-degree-felony offense of assault, family violence, with a prior family violence conviction.

At a punishment hearing before the trial court, appellant entered a plea of not true to the enhancement paragraph in the indictment but was not arraigned and did not enter a plea to the allegations in the State's notice of intent to enhance punishment. The State called Claudia Marroquin, an investigator with the Family Violence Division, who testified she reviewed appellant's priors from Lubbock County and pulled appellant's criminal history. The State first introduced a certified copy of appellant's 1987 burglary of a vehicle conviction alleged in the indictment. Through Marroquin, the State also introduced evidence of a 1984 burglary of a building conviction. Appellant's counsel asked if the convictions were offered for enhancement purposes to increase the punishment range, and the prosecutor stated they were. Appellant's counsel objected that the 1984 burglary of a building conviction "would run concurrently with" the burglary of a vehicle conviction alleged in the indictment and was therefore "not permissible to be used as a[n] enhancement paragraph." The trial court sustained appellant's objection and admitted only the conviction alleged in the indictment. The State next introduced evidence of a 1984 theft of a motor vehicle conviction, and appellant's counsel again objected that the conviction could not be used for enhancement purposes because it "would still be running concurrently with the previous sentence, the latter sentence." The prosecutor responded that the 1984 theft of a motor vehicle did not run concurrently with the 1987 burglary of a vehicle

–2–

conviction alleged in the indictment. The trial court, through questioning directed at the prosecutor, confirmed that the 1984 theft of a motor vehicle conviction was entirely separate from and did not run concurrently with the 1987 offense alleged in the indictment. The trial court then overruled appellant's objection and admitted the 1984 conviction.

In his argument, counsel for appellant argued that "these cases were all very close in time" and, if the trial court "were to find any of them true," [the trial court] could only find one true penitentiary that would enhance this case." Counsel requested that the trial court "not make a finding at all to these cases or find them not true and sentence [appellant] within the range of punishment on the lesser-included third-degree offense." The prosecutor argued that a sentence of twenty-five years was appropriate "given his enhancement paragraphs and his assaultive criminal history in family violence cases." The trial court, "having heard argument and testimony and reviewed the exhibits and the jury having convicted him of the offense," imposed a twenty-five-year sentence. This appeal followed.

In his first issue, appellant argues that, by failing to arraign appellant on the paragraphs alleged in a special notice of intent to enhance punishment, the State abandoned the allegations in the special notice, and the trial court should not have considered them in determining his sentence. Appellant did not argue in the trial court that the State somehow abandoned the allegations in the special notice, including the 1984 theft of a motor vehicle conviction and the 1987 burglary of a vehicle conviction. Nor did appellant argue that the trial court was therefore not permitted to consider these enhancement allegations in assessing punishment. Appellant also failed to object to the trial court's failure to arraign him on any enhancement paragraphs other than the ones contained in the indictment. The Texas Court of Criminal Appeals has stated that an appellant may not raise this question for the first time on appeal. *See Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973); *see also Hardman v. State*, 614 S.W.2d 123, 125–26

(Tex. Crim. App. [Panel Op.] 1981) (citing *Reed* for the proposition that the appellant may not complain for the first time on appeal about the court's failure to read the indictment in a bench trial); *Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Accordingly, we overrule appellant's first issue.

In his second issue, appellant argues his sentence is illegal as it is outside the punishment range because the trial court failed to make a finding on the enhancement allegations. Further, appellant argues an implied finding is not proper because he did not plead true to the enhancement allegations in the indictment, he was not arraigned on the enhanced punishment range, and the judgment and docket sheet do not reflect a finding of true.

A trial court is not required to make an oral pronouncement of its findings on enhancements when it assesses punishment. *See Meineke v. State*, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (trial court not required to make oral pronouncement of its findings on enhancements). Although the better practice is for the trial court to announce orally its enhancement findings before sentencing, the failure to do so does not amount to error as long as the record reflects that the court found the enhancements true and sentenced the defendant accordingly. *See id.*; *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). A trial court makes an implied finding of true to an enhancement allegation when the record establishes the truth of that allegation. *Torres v. State*, 391 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

Additionally, appellate courts have concluded that a trial court implied a finding of true to an enhancement allegation if the sentence imposed was outside of the range for the underlying offense, but was in the range for the offense as enhanced by a prior conviction to which the defendant has confessed. *Id. see Garner v. State*, 858 S.W.2d 656, 659–60 (Tex. App.—Fort Worth 1993, no pet.) (noting that trial court assessed defendant's punishment at twenty-five

–4–

years and that maximum punishment defendant could receive without finding on enhancements was ten years); *Harris v. State*, No. 05-02-01728-CR, 2005 WL 639388, at *1 (Tex. App.—Dallas Mar. 21, 2005, pet. denied) (holding that, even though trial court made no oral or written findings on two prior convictions, punishment imposed by trial court fell within enhanced range and trial court had impliedly found enhancement paragraphs to be true).

Here, assault, family violence with a previous family-violence conviction is a third-degree felony. TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West ). A third-degree felony is punishable by two to ten years' confinement. *Id.* § 12.34(a). The punishment range for a third-degree felony is increased to confinement for twenty-five to ninety-nine years if a defendant has previously been convicted of two felony offenses and the second offense occurred after the first conviction became final. *Id.* § 12.42(d). Thus, the sentence imposed was outside of the range for the underlying offense, but was in the range for the offense as enhanced by the enhancement allegations presented at punishment. Under these circumstances, we conclude the trial court impliedly found the enhancements to be true. See *Torres*, 391 S.W.3d at 183; *Garner*, 858 S.W.2d at 659-60. We overrule appellant's second issue.

In his third issue, appellant argues the judgment should be reformed to properly reflect he was convicted of assault, family violence, enhanced, a third-degree felony. The State agrees. In a single cross-issue, the State argues the judgment should be further reformed to show appellant's plea of not true to the enhancement paragraph in the indictment and to show the trial court found the indictment's enhancement paragraph and the second enhancement paragraph in the State's enhancement notice to be true. We have the power to modify incorrect judgments when the necessary data and information is available to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). The record shows appellant was convicted of

assault, family violence, enhanced, a third-degree felony; appellant pled not true to the enhancement allegation in the indictment; and the trial court impliedly found the indictment's enhancement paragraph and the second enhancement paragraph in the State's enhancement notice to be true. We sustain appellant's third issue and the State's cross-issue.

As reformed, we affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

160101F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JESSIE ONEAL DAWKINS, Appellant

No. 05-16-00101-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F-1575397-L.
Opinion delivered by Justice Bridges.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

under the heading "Offense for which Defendant Convicted:," "IMPEDE BREATH/CIRCULATE ENHANCE" is deleted, and "WITH PREVIOUS FAMILY-VIOLENCE CONVICTION" is substituted;

under the heading "Degree of Offense:," "2ND DEGREE FELONY" is deleted and "3RD DEGREE FELONY" is substituted;

under the heading "Plea to 1st Enhancement paragraph," "N/A" is deleted and "Not True" is substituted;

under the heading "Findings on 1st Enhancement Paragraph:," "N/A" is deleted and "True" is substituted;

under the heading "Findings on 2nd Enhancement Paragraph:," "N/A" is deleted and "True" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered August 3, 2017.