PD-0595-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/17/2015 5:57:33 PM
Accepted 6/18/2015 4:14:39 PM
ABEL ACOSTA
CLERK

NO. PD-0595-15

IN THE

# COURT OF CRIMINAL APPEALS

OF TEXAS
AUSTIN, TEXAS

## GARY JAY MCCOY

PETITIONER,

V.

## STATE OF TEXAS

RESPONDENT

# *PETITION FOR DISCRETIONARY REVIEW*

ON PETITION FOR DISCRETIONARY REVIEW from the
ELEVENTH COURT OF APPEALS , EASTLAND, TEXAS
CASE NO. 11-13-00099-CR

On appeal from the 161ST Judicial District of Ector County, Texas
Cause Number B-40,007
Honorable John W. Smith, Presiding

M. Michele Greene
State Bar No.00789966
2833 Wildwood Ave.
Odessa, Texas 79761
Tel: (432) 238-1255
Email: mmg@michelegreenelaw.com

**Attorney for Petitioner**

*PETITIONER REQUESTS ORAL ARGUMENT*

NO. PD-0595-15

IN THE

# COURT OF CRIMINAL APPEALS

OF TEXAS
AUSTIN, TEXAS

# GARY JAY MCCOY
PETITIONER,

V.

# STATE OF TEXAS
RESPONDENT

# *PETITION FOR DISCRETIONARY REVIEW*

ON PETITION FOR DISCRETIONARY REVIEW from the
ELEVENTH COURT OF APPEALS , EASTLAND, TEXAS
CASE NO.  11-13-000099-CR

On appeal from the 161ST Judicial District of Ector County, Texas
Cause Number B-40,007
Honorable John W. Smith, Presiding

**TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:**

NOW COMES Gary Jay McCoy, Petitioner in this cause, by and through his court-appointed appellate counsel, M. Michele Greene, and, pursuant to the provisions of **TEX. R. APP. P. 67** *et seq.*, moves this Court to grant this petition for discretionary review, and in support will show as follows:

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names, addresses, and emails (if known), of all counsel.

**Defendant/Appellant/Petitioner:**    Gary Jay McCoy

**Complainant/Appellee/Respondent:**    State of Texas

**Petitioner's Counsel:**
**  at Trial:**    Lawrence Barber, Jr.
P.O. Box 4229
Odessa, Texas 79760

**Petitioner's Counsel**
**  on Appeal:**    M. Michele Greene
2833 Wildwood Ave.
Odessa, Texas 79761
mmg@michelegreenelaw.com

**Respondent's Counsel**
**  at Trial:**    Dusty Gallivan and Shane Chriesman
Deputy District Attorneys
300 N. Grant Ave., Rm. 305
Odessa, Texas 79761

**Respondent's Counsel**
**  on Appeal:**    Michael Bloch
Assistant District Attorney
300 N. Grant Ave. Rm. 305
Odessa, Texas 79761
MICHAEL.BLOCH@ectorcountytx.gov.

**Trial Court:**    The Honorable John W. Smith, 161ST
District Court, Ector County, Texas

**Appellate Court:** Justices Jim R. Wright, Mike Wilson, and John M. Bailey, Court of Appeals, Eleventh District of Texas.

# RECORD REFERENCES

The Clerk's Record contains only one volume; therefore, references in this petition to the Clerk's Record are by volume and page number, indicated as "CR 1:__." The Clerk's Record contains the pleadings, orders, and correspondence filed with (or sent to) the trial court and clerk that are pertinent to this appeal.

The Reporter's Record contains nine volumes; therefore, references to the Reporter's Record in this petition are by volume and page number, indicated as "RR __:__." The Reporter's Record includes the transcripts of the arraignment hearing held on February 12, 2012, along with the pretrial hearings held on May 3, 2012, February 7, 2013, and February 12, 2013. The Reporter's Record also includes transcripts of the jury trial held on February 12, 2013, and the bench trial as to punishment on February 14, 2013.

Further, the Reporter's Record includes all of the parties' exhibits submitted to the trial court and admitted into evidence during the jury trial. All such exhibits are contained in Volume 9 of the Reporter's Record. References to the parties' exhibits are indicated as "RR 9:SX#__" or "RR 9:DX#__."

References to the Eleventh Court of Appeals' opinion issued April 16, 2015, are by page number, indicated as "AO,__."

# PARTY REFERENCES

Petitioner Gary Jay McCoy shall be referred to as "Petitioner." Respondent the State of Texas shall be referred to as "Respondent." The Eleventh Court of Appeals shall be referred to as "the Appellate Court."

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

RECORD REFERENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

PARTY REFERENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . ix

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . xii

GROUND FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiv

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION AND PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A -   Appellate Opinion:

       *McCoy v. State*, No. 11-13-00099-CR, 2015 TEX. APP. LEXIS
       3781 (Tex. App.–Eastland, delivered April 16, 2015)

# INDEX OF AUTHORITIES

**CASES**

*Guerra v. State*, No. 05-14-00086-CR, No. 05-14-00087-CR;
    2015 TEX. APP. LEXIS 5843 (Tex. App.–Dallas, June 10, 2015,
    no pet. hist.) (not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hernandez v. State*, 946 S.W.2d 108 (Tex. App.–El Paso 1997, no pet.) . . . . . 3,5

*Jackson v. State*, 399 SW.3d 285 (Tex. App.–Waco 2013, no pet.) . . . . . . . . . . 2-3

*Landrian v. State*, 268 SW.3d 532 (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . 2

*Lenzy v. State*, 689 S.W.2d 305 (Tex. App.–Amarillo 1985, no pet) . . . . . . . . . . 4

*McCoy v. State*, No. 11-13-00099-CR, 2015 TEX. APP. LEXIS 3781
    (Tex. App.–Eastland, delivered April 16, 2015) . . . . . . . . . . . . . . . . . . . . . xii

*Moore v. State*, 739 S.W.2d 347 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . 2,6

*Moore v. State*, 739 S.W.2d 347 (Tex. Crim. App. 1987)
    (Clinton, concurring) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Sizemore v. State*, 387 S.W.3d 824 (Tex. App.–Amarillo 2012, pet ref'd) . . . 2-3,5

**RULES**

TEX. R. APP. P. 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

**STATUTES**

TEX. PEN. CODE ANN. § 1.07(a)(8) (LEXIS 2015) . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. PEN. CODE ANN. § 1.07(a)(46) (LEXIS 2015) . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. PEN. CODE ANN. § 22.01(a)(1) (LEXIS 2015) . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. PEN. CODE ANN. § 22.02(a)(1) (LEXIS 2015) . . . . . . . . . . . . . . . . . . . . . . . 1,7

TEX. PEN. CODE ANN. §§ 12.33(a-b), 12.42(d), and 22.02(b) (LEXIS 2015) . . . . xii

TEX. PEN. CODE ANN. §§ 22.01(a)(1), (b)(2)(B), 22.02(a)(1),
and 22.02(b) (LEXIS 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x,xii,3

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner has raised an important question of first impression in this Court and believes that oral argument would help clarify the issue presented in this Petition for Discretionary Review. Therefore, Petitioner respectfully requests oral argument pursuant to TEX. R. APP. P. 39.

## STATEMENT OF THE CASE

Petitioner was initially indicted on Count One of aggravated assault—a second degree felony, and Count Two of assault by strangulation---a third degree felony under TEX. PEN. CODE ANN. §§ 22.01(a)(1), (b)(2)(B), 22.02(a)(1), and 22.02(b) (LEXIS 2015). (CR 1:5). At the conclusion of the guilt/innocence phase of the trial, Petitioner's trial counsel failed to request that the jury be instructed on the lesser-included offense of simple assault. The jury ultimately returned a "guilty" verdict as to Count One (aggravated assault) and a "Not Guilty" verdict as to Count Two (assault by strangulation). (CR 1:61,68; RR 7:103).

Petitioner elected to have the trial court assess his punishment. (CR 1:69; RR 5:4-5; 7:105; 8:105). The trial court sentenced Petitioner solely as to Count One. (RR 8:8).

On appeal, Petitioner raised six separate issues, including whether the evidence was sufficient to establish beyond a reasonable doubt that he caused "serious bodily injury" and whether his trial counsel provided ineffective assistance of counsel in failing to request the lesser included jury instruction of simple assault. The Appellate Court erroneously ruled that the loss of two teeth, standing alone, constitutes *per se* "serious bodily injury." (AO,4,6). Based on this erroneous rationale, the Appellate Court wrongly held that the evidence in this case was sufficient to sustain Petitioner's

conviction of aggravated assault. (AO,4). The Appellate Court also erroneously held and that as Petitioner was not entitled to an instruction on the lesser included offense of simple assault, his trial counsel's performance did not constitute ineffective assistance of counsel. (AO,6). Thus, the Appellate Court erroneously affirmed the jury's guilty verdict and the trial court's thirty-five year prison sentence in this cause. (AO,11).

## STATEMENT OF PROCEDURAL HISTORY

Petitioner was initially indicted on Count One of aggravated assault—a second degree felony, and Count Two of assault by strangulation---a third degree felony under TEX. PEN. CODE ANN. §§ 22.01(a)(1), (b)(2)(B), 22.02(a)(1), and 22.02(b) (LEXIS 2015). (CR 1:5).

On February 12, 2013, the Honorable John W. Smith of the 161st Judicial District Court of Ector County, Texas held a jury trial in this cause. (RR 6:1). At the conclusion of the guilt/innocence phase of the trial, the jury returned a "Guilty" verdict as to Count One of aggravated assault and a "Not Guilty" verdict as to Count Two of assault by strangulation. (CR 1:61,68; RR 7:103). Petitioner elected to go to the trial court for punishment. (CR 1:69; RR 5:4-5; 7:105; 8:105).

After implicitly finding the enhancement paragraphs to be true, the trial court entered a Judgement of Conviction by Jury as to Count One, sentenced Petitioner to thirty-five years in the Institutional Division of the Texas Department of Criminal Justice, and assessed a $10,000.00 fine pursuant to TEX. PEN. CODE ANN. §§ 12.33(a-b), 12.42(d), and 22.02(b) (LEXIS 2015). (CR 1:71-73; RR 8:15). The trial court also entered a Judgment of Acquittal by Jury as to Count Two. (CR 1:73). On or about March 13, 2013,

Petitioner timely filed his Notice of Appeal. (CR 1:77-78). Petitioner presented six issues in his appellate brief.

On April 16, 2015, the Appellate Court affirmed Petitioner's conviction of aggravated assault and his thirty-five year prison sentence. (AO, 11). *McCoy v. State*, No. 11-13-00099-CR, 2015 TEX. APP. LEXIS 3781 (Tex. App.–Eastland, delivered April 16, 2015). The Honorable Justices Justice Jim R. Wright, Mike Wilson, and John M. Bailey participated in the decision of the Appellate Court, with Chief Justice Jim R. Wright authoring the opinion of the court. (*Id.*).

Petitioner did not file a Motion for Rehearing with the Appellate Court.

This Petition for Discretionary Review is due to be filed on June 17, 2015; therefore, it is timely filed.

# GROUND PRESENTED FOR REVIEW

## Ground No. 1:

An important question of state law is presented that has not been, but should be, settled by this Court as to whether the loss of a tooth, standing alone, constitutes *per se* "serious bodily injury" under TEX. PEN. CODE ANN. § 22.01(a)(1) (LEXIS 2015).

# ARGUMENT

**Ground for Review Restated:**

**Ground No. 1:** An important question of state law is presented that has not been, but should be, settled by this Court as to whether the loss of a tooth, standing alone, constitutes *per se* "serious bodily injury" under TEX. PEN. CODE ANN. § 22.01(a)(1) (LEXIS 2015).

Section 22.01(a) of the TEXAS PENAL CODE provides in pertinent part that a person commits an offense if he "intentionally, knowingly, or recklessly causes bodily injury to another. . ." TEX. PEN. CODE ANN. § 22.01(a)(1) (LEXIS 2015). Section 22.02(a) of the TEXAS PENAL CODE, elevates simple assault to an aggravated offense when the person "causes serious bodily injury to another . . . " TEX. PEN. CODE ANN. § 22.02(a)(1) (LEXIS 2015).

"Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." TEX. PEN. CODE ANN. § 1.07(a)(8) (LEXIS 2015). "Serious bodily injury" is defined under the TEXAS PENAL CODE as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PEN. CODE ANN. § 1.07(a)(46) (LEXIS 2015). Thus, "serious bodily injury" is injury plus one or more of the following effects:

1

1.      a substantial risk of death;
2.      death;
3.      serious permanent disfigurement;
4.      protracted loss of the function of any bodily member;
5.      protracted impairment of the function of any bodily member;
6.      protracted loss of the function of any bodily organ; and
7.      protracted impairment of the function of any bodily organ.

*Moore v. State*, 739 S.W.2d 347, 355 (Tex. Crim. App. 1987) (Clinton, concurring).

The *type* of injury under "bodily injury" and "serious bodily injury" does not vary, only the *degree* of the injury. *Landrian v. State*, 268 SW.3d 532, 539 (Tex. Crim. App. 2008); *Moore*, 739 S.W.2d at 349 (noting difference between "serious bodily injury" and "bodily injury" is one of degree). Though frequently only a matter of degree, there is a distinction or difference between "serious bodily injury and serious bodily injury." *Id.*

Consequently, the determination that an injury qualifies as "serious bodily injury" must be made on a case-by-case basis. *Jackson v. State*, 399 SW.3d 285, 292 (Tex. App.–Waco 2013, no pet.); *also see Moore*, 739 S.W.2d at 349 (holding distinction between "serious bodily injury" and "bodily injury" must be made on an ad hoc basis).

Furthermore, Texas case law is clear there are no wounds that constitute "serious bodily injury" *per se. Sizemore v. State*, 387 S.W.3d 824, 828 (Tex. App.–Amarillo 2012, pet ref'd) (holding no wounds constitute "serous bodily injury"

2

*per se*); *Hernandez v. State*, 946 S.W.2d 108, 111 (Tex. App.–El Paso 1997, no pet.) (holding there are no wounds that are *per se* "serious bodily injury).

Instead, each case should be evaluated on its own facts to determine whether the evidence was sufficient to permit the factfinder to conclude that the injury fell within the definition of "serious bodily injury." *Jackson*, 399 S.W.3d at 292; *Sizemore*, 387 S.W.3d at 828.

In the case at bar, Petitioner was charged with one count of aggravated assault—a second degree felony, and one count of assault by strangulation---a third degree felony pursuant to Tex. Pen. Code Ann. §§ 22.01(a)(1), (b)(2)(B), 22.02(a)(1), and 22.02(b) (Lexis 2015). (CR 1:5). The State alleged that both offense were committed against Rosemary Wilson, ("Wilson"). (*Id*.).

Undisputedly, the jury found that Petitioner was "not guilty" of strangling or choking Wilson and acquitted Petitioner of this charge. (CR 1:61,68; RR 7:103). From its opinion, it appears as if the Appellate Court disagreed with the jury's acquittal of Petitioner on this charge, as the Appellate Court noted at least three different times in its opinion that Petitioner was "choking" Wilson during the alleged assault. (AO,3).

Wilson testified that as a rsult of Petitioner's actions during their altercation,, two of her teeth "popped out," causing her mouth to bleed. (RR 1:7:14,32-34).

3

Petitioner introduced no evidence to the contrary. However, there was also no other evidence introduced at trial by the State to establish the degree of Wilson's injury. For example, there was no evidence of any trip to the hospital by Wilson as a result of her injury, no evidence of any painful effects as a result of the injury, or any negative effects on Wilson's ability to eat, drink, or speak as a result of her injury. medical and/or dental requirements as a result of the injury. Rather, the State's entire aggravated assault case hinged on the loss of two teeth---an injury for which Petitioner received thirty-five years in prison. (CR 1:71-72; RR 8:15).

Citing *Lenzy v. State*, 689 S.W.2d 305 (Tex. App.–Amarillo 1985, no pet), the Appellate Court held that because teeth are separate, definable parts of the body, they constitute a "bodily member or organ." (AO,4). The Appellate Court reasoned that the loss of two teeth, notwithstanding any other injury, constituted the loss of "two bodily member or organs." (*Id*.). Based on this reasoning, the Appellate Court held that the loss of two teeth is *per se* "serious bodily injury." (*Id*.).

Later in its opinion, the Appellate Court again ruled that the loss of a tooth is a "serious bodily injury." In analyzing Petitioner's ineffective assistance of claim, the Appellate Court acknowledged that simple assault can be a lesser included offense of aggravated assault. (AO,5-6). The Appellate Court correctly determined that the assault in this case is a lesser included offense of aggravated assault. (AO,6).

4

Nevertheless, the Appellate Court found that Petitioner was not entitled to the lesser included instruction of simple assault. (AO,5). The Appellate Court held that because the evidence introduced at trial established Petitioner knocked out two of Wilson's teeth, such injury caused her "serious bodily injury." (*Id*.). As such, the Appellate Court specifically found "no reasonable view of the evidence in this case . . . would permit a jury to rationally find that, if the defendant [Petitioner] was guilty, he was guilty only of the lesser offense of assault." (*Id*.).

Essentially, the Appellate Court reasoned that no jury could ever rationally find that losing a tooth constituted only "bodily injury." Accordingly, the Appellate Court implicitly held that the loss of a tooth constitutes *per se* "serious bodily injury." Based on this faulty reasoning, the Appellate Court wrongfully determined Petitioner was not entitled to the lesser included instruction of simple assault and denied Petitioner's ineffective assistance of counsel claim. (*Id*.).

The Appellate Court cited no case law or statutory authority directly on point to support its holding that the loss of two teeth constitutes *per se* "bodily injury." Such lack of authority is not surprising. Texas appellate courts have consistently held that there are no injuries with constitute *per se* "serious bodily injury." *See Sizemore*, 387 S.W.3d at 828; *Hernandez*, 946 S.W.2d at 111. Therefore, the Appellate Court's

5

holding in this case is contrary to established Texas case law handed down from its sister appellate courts.

The practical effect of the Appellate Court's erroneous holding in this case is that a factfinder will never be required to determine the degree of injury in an assault case in which the State alleges the victim lost a tooth as a result of the defendant's actions. To the contrary, such injury will always constitute a "serious bodily injury," thereby barring the factfinder from making this determination. However, this outcome is in direct contradiction to this Court's directive that the degree of injury between "bodily injury" and "serious bodily injury" should be determined on case-by-case basis. *See Moore*, 739 S.W.2d at 349.

Furthermore, the Appellate Court's erroneous ruling in this case will have, and already has had, a negative impact on future criminal cases. For example, although the Appellate Court only handed down its ruling in this case approximately two months ago, the Dallas Court of Appeals has already cited the Appellate Court's opinion in support its own finding that a loss of a tooth constitutes *per se* "serious bodily injury." *See Guerra v. State*, No. 05-14-00086-CR, No. 05-14-00087-CR; 2015 TEX. APP. LEXIS 5843, *14 (Tex. App.–Dallas, June 10, 2015, no pet. hist.) (not designated for publication). Clearly, the Appellate Court's erroneous ruling in this case will have broad and quick impact on Texas criminal jurisprudence.

Accordingly, this Court should grant this Petition for Discretionary Review to (1) answer a question of first impression; and (2) establish much needed precedential authority upon which both the State and defendants may rely in the future when a "serious bodily injury" is alleged involving the loss of teeth pursuant to TEX. PEN. CODE § 22.02(a)(1) (LEXIS 2015).

# CONCLUSION AND PRAYER FOR RELIEF

*WHEREFORE, PREMISES CONSIDERED*, Petitioner Gary Jay McCoy respectfully prays that this Court grant his Petition for Discretionary Review and, after full briefing on the merits, the Court issue an opinion 1) reversing the Appellate Court's ruling affirming Petitioner's second degree felony conviction for aggravated assault and 2) remanding this case for a new trial.

Petitioner also prays that this Court grant him such other and further relief to which he may be entitled.

Respectfully submitted,

**M. MICHELE GREENE**
Attorney at Law
2833 Wildwood Ave.
Odessa, Texas 79761
Tel: (432) 238-1255
Email: mmg@michelegreenelaw.com

By: /s/ M. Michele Greene
M. Michele Greene
State Bar No.00789966

**Appellate Counsel for Petitioner**
**Gary Jay McCoy**

## CERTIFICATE OF COMPLIANCE

In accordance with Rules 9.4(e) and (i) of the TEXAS RULES OF APPELLATE PROCEDURE, the undersigned attorney of record certifies that the Petition for Discretionary Review contains **14-point** typeface for the body of the petition and contains **1,526** words, excluding those words identified as not being counted in Rule 9.4(i)(1) and was prepared on Word Perfect Version 9.

/s/ M. Michele Greene
M. Michele Greene

## CERTIFICATE OF SERVICE

I certify that a copy of the Petition for Discretionary Review was served electronically on this the 17ʰ day of June, 2015, to the following party and that the electronic transmission was reported as complete:

Michael Bloch
Ector County District Attorney's Office
Ector County Courthouse
300 N. Grant Ave. Rm. 305
Odessa, Texas 79761
MICHAEL.BLOCH@ectorcountytx.gov.

**Attorney for Respondent**

/s/ M. Michele Greene
M. Michele Greene

9

# APPENDIX

**APPENDIX A**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00099-CR
_____

## GARY JAY MCCOY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-40,007**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Gary Jay McCoy of one count of aggravated assault and one count of assault by strangulation. The jury convicted Appellant of aggravated assault as alleged in Count One of the indictment and found Appellant not guilty of assault by strangulation as alleged in Count Two of the indictment. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). After implicitly finding the

enhancement paragraphs true, the trial court assessed Appellant's punishment at confinement for a term of thirty-five years and a fine of $10,000. The trial court sentenced Appellant accordingly as to Count One and entered a judgment of acquittal as to Count Two. Appellant raises six issues on appeal. We affirm.

In his first issue, Appellant claims that the trial court erred when it denied his motion for directed verdict. Appellant challenges the sufficiency of the evidence to support his conviction in his second issue. Because we treat a challenge to the trial court's denial of a motion for directed verdict as a challenge to the sufficiency of the evidence, we will review Appellant's first and second issues together. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Appellant contends that the evidence was insufficient to support his conviction because the victim did not suffer "serious bodily injury" but suffered only "bodily injury." A person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." PENAL § 22.01(a)(1) (West Supp. 2014). If a person "causes serious bodily injury to another," the person commits aggravated assault. *Id.* § 22.02(a)(1). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). "Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or

2

impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46). Appellant argues that the victim's loss of two teeth did not constitute serious bodily injury. We disagree.

Rosemary Wilson, Appellant's ex-girlfriend, is the victim in this case. Wilson testified that she tried to break up with Appellant and told him that he needed to leave or that she would leave; they were living together at the time. When Wilson tried to walk out the door, Appellant grabbed her around the neck, pulled her back, threw her on the couch, and started choking her. He called her a "whore" and spit in her face. Eventually, he stopped choking her, and she went to their bedroom. Appellant followed her into the bedroom and yelled at her about needing money. When she gave him only $7, he threw her down on the bed, pinned her down, started choking her again, and hit her in the face with his knee. He had his knee on her face while he held her down; he applied so much pressure to her face with his knee that he caused two of her teeth to pop out. Her mouth was bleeding "[p]retty bad." Wilson testified that she could not call the police that night because Appellant cut the phone lines and took her cell phone. She was able to call the police the next morning when Appellant left. Appellant was arrested when he returned.

Caley Frederick, a police officer with the Odessa Police Department, testified that she was the first one to arrive at the scene. Wilson told Officer Frederick that two of her teeth had been knocked out. Officer Frederick observed that two of Wilson's teeth were missing, that her mouth was swollen, and that she had some blood on her shirt. Officer Michael McClendon assisted Officer Frederick and testified that Wilson was missing a tooth from her top gum and a tooth from her bottom gum and that she was bleeding from both of those areas. He also noticed that she had bloodstains on her shirt and that there were blood droplets on the wall, sheets, bedspread, and mattress.

A person suffers serious bodily injury if the person has a "protracted loss . . . of any bodily member or organ." *Id.* Teeth are separate, definable parts of the body and, as such, constitute a "bodily member or organ." *Lenzy v. State*, 689 S.W.2d 305, 310 (Tex. App.—Amarillo 1985, no pet.); *see also Hatfield v. State*, 377 S.W.2d 647, 649 (Tex. Crim. App. 1964) (holding that evidence of injured party's cut lip, loss of some teeth, hospitalization, and a stiff neck was sufficient to sustain jury's finding that victim suffered serious bodily injury). Appellant points out that the State did not present any medical testimony to establish the severity and extent of Wilson's dental injuries, that the State did not introduce any photographs of Wilson's injuries, and that Wilson did not testify as to how the missing teeth caused her problems or pain. However, there is no dispute that Appellant caused Wilson to lose two teeth and, therefore, lose two bodily members or organs. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Wilson suffered serious bodily injury. We overrule Appellant's first and second issues.

In his third issue, Appellant argues that he was denied effective assistance of counsel because his trial counsel failed to request a jury instruction on the lesser included offense of assault. In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether he has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could

4

be considered trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Where the record is silent, we cannot speculate on trial counsel's strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, an allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Generally, the record on direct appeal will not be sufficient to show that trial counsel's performance was so lacking as to overcome the presumption of reasonable conduct. *Id.* at 813–14.

Here, Appellant has not shown that his counsel's representation fell below an objective standard of reasonableness because, even if counsel had requested a lesser included instruction in the jury charge, Appellant was not entitled to such an instruction. We perform a two-step analysis to determine whether a defendant is entitled to a lesser included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528, 535 (Tex. Crim. App. 2007). First, we look to whether the offense is a lesser included offense of the charged offense, and second, we look to whether there was some evidence adduced at trial that would permit the jury to rationally find that, if the defendant was guilty, he was guilty only of the lesser included offense. *Id.* at 535–36. The lesser included offense must be "a valid, rational alternative to the charged offense." *Id.* at 536 (quoting *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999)) (internal quotation marks omitted).

An offense may be a lesser included offense if the lesser offense "differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission." TEX. CODE CRIM. PROC. ANN. art. 37.09(2) (West 2006). Assault falls into this category because it requires proof of a less serious injury than does aggravated assault—bodily injury compared to serious bodily injury. *Compare* PENAL § 22.01(a)(1) (assault), *with* PENAL § 22.02(a)(1) (aggravated assault). The conduct

5

constituting the assault must be the same as the conduct alleged for the aggravated assault in order for assault to be a lesser included offense. *Irving v. State*, 176 S.W.3d 842, 845–46 (Tex. Crim. App. 2005). Here, the conduct is the same— Appellant knocked out two of Wilson's teeth by hitting Wilson in the mouth with his knee. Therefore, the assault here is a lesser included offense of aggravated assault. However, there is no reasonable view of the evidence in this case that would permit a jury to rationally find that, if the defendant was guilty, he was guilty only of the lesser offense of assault. *See Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001) (holding that a reasonable jury could not have found the defendant guilty of only misdemeanor assault because it was unquestionable that the victim suffered serious bodily injury). The evidence was undisputed that two of Wilson's teeth were knocked out causing her to suffer serious bodily injury; therefore, there is not "some evidence" that Wilson suffered only bodily injury. *See id.* at 589.

Appellant was not entitled to an instruction on the lesser included offense of assault. Because defense counsel's request for such an instruction would have been futile, defense counsel's performance was not deficient. *See Kinnamon v. State*, 791 S.W.2d 84, 97 (Tex. Crim. App. 1990) (holding that failure to request an instruction on a lesser included offense is not deficient performance where the evidence does not authorize the instruction), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). Furthermore, the record is silent as to defense counsel's reasoning for not requesting the lesser included instruction. We agree with the State's contention that "it was possible that defense counsel was pursuing an all-or-nothing trial strategy." Appellant has not shown that his counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687. We overrule Appellant's third issue.

Appellant argues in his fourth issue that the trial court erred when it overruled Appellant's objection to the State's late notice of enhancement and sentenced him

under the habitual offender statute. Appellant also argues that the late notice violated his right to due process. In his fifth issue, Appellant asserts that the trial court erred when it denied his motion for new trial on this same ground. The record shows that the State did not give notice that it was seeking to enhance Appellant's punishment until the afternoon of the last day of the guilt/innocence phase of the trial. The jury reached the guilty verdict that same day, a Tuesday evening, and the trial court set the punishment phase to begin on that Thursday morning. The prosecutor informed the trial court that defense counsel had indicated that he had some issues with the late filing. The prosecutor further told the trial court that "[t]he State has no objections if he needs more time to prepare for that enhancement." Defense counsel responded that he could be ready by Thursday to respond to the State's late filing, that he did not believe it was appropriate for the State to file the enhancement allegations after the trial had already started, and that he believed Appellant was entitled to "way more notice than that." The trial court said that it would take a look at the issue. When the punishment phase commenced, Appellant's trial counsel represented that he and Appellant had not seen the pen packets regarding the alleged prior convictions. The trial court asked defense counsel and Appellant if they wanted some more time to look into the enhancement allegations and if they wanted to postpone the punishment hearing for a week or two. Appellant declined the trial court's offer to continue the punishment phase and said that he was "aware of them."

Under a due process analysis, the issue is whether a defendant "received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). "[W]hen a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies" due process. *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). Appellant claims that he had a viable

7

defense to one of the two enhancement allegations and that he did not have time to prepare such defense. However, the trial court offered Appellant and his defense counsel more time to prepare, but Appellant refused the continuance. By refusing the continuance, Appellant waived his objection to the State's late notice of enhancement. Appellant's fourth and fifth issues are overruled.

In his sixth and final issue, Appellant contends that, under Section 12.42(d) of the Texas Penal Code, the trial court illegally sentenced him to a term of thirty-five years in prison when the trial court failed to find as true one of the State's enhancement allegations. As to that same enhancement paragraph, Appellant also contends that the evidence was insufficient to prove beyond a reasonable doubt that the enhancement was true. At the conclusion of the punishment phase, the trial court did not expressly state that it found the enhancement paragraphs to be true, nor does the judgment indicate that the trial court found the enhancement paragraphs to be true.[1] The trial court did, however, inform Appellant that the minimum punishment was twenty-five years and that the maximum punishment was life. "Although it is preferred that trial courts read the enhancement paragraphs orally and find them to be true or not true on the record, a trial court does not err by not doing so." *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). "A trial court makes an implied finding of true to an enhancement allegation when the record establishes the truth of that allegation." *Torres v. State*, 391 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *see also* PENAL § 12.42(d) ("[I]f it is *shown* on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, . . . the defendant *shall* be punished by

---

[1]The trial court did state that the evidence showed that Appellant had two prior convictions; however, the trial court referenced a 1987 burglary-of-a-habitation case and a 1987 possession-of-marihuana case. The 1987 burglary-of-a-habitation case was not the burglary conviction that the State alleged in its first enhancement paragraph. The burglary conviction that the State alleged in its first enhancement paragraph was a 1986 burglary-of-a-building case.

imprisonment . . . for life, or for any term of not more than 99 years or less than 25 years." (emphasis added)).

In order for a defendant's punishment to be enhanced under Section 12.42(d), the State must prove beyond a reasonable doubt that the defendant has had two prior felony convictions and that the first prior conviction became final before the defendant committed the second prior offense. *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008). The State must also show that the second prior conviction became final before the defendant committed the offense on which the trial court is currently assessing punishment. *Id.*

Here, the State alleged that Appellant had been previously convicted of burglary of a building on June 26, 1986, and of possession of marihuana in an amount of less than five pounds but more than four ounces on July 15, 1987. The State further alleged that Appellant was convicted of the 1986 burglary charge in Cause No. 81-114-K in the 26th District Court of Williamson County and that Appellant was convicted of the 1987 possession charge in Cause No. B-18,711 in the 161st District Court of Ector County. During the punishment phase, the State offered, and the trial court admitted, certified judgments of conviction as to each of the enhancement allegations. State's Exhibit No. Two shows that Appellant was convicted of burglary of a building on August 13, 1981. The judgment of conviction contains the same cause number, court, and county as alleged in the first enhancement paragraph. The judgment also reflects that punishment was assessed at six years but that the court suspended his sentence and placed him on probation. The State filed a motion to revoke on October 25, 1983, and the trial court revoked his probation on June 26, 1986. Appellant argues that the evidence was insufficient to show that he was convicted of a 1986 burglary because the judgment of conviction shows that he was convicted in 1981. We disagree. Although Appellant was convicted in 1981 of the burglary-of-a-building charge, his conviction did not

become final for enhancement purposes until 1986 when the trial court revoked his probation and sentenced him to confinement for a term of three years. *See Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992) ("[A] probated sentence is not a final conviction for enhancement purposes unless it is revoked."); *Cromeans v. State*, 268 S.W.2d 133, 135 (Tex. Crim. App. 1954) ("A conviction in which the sentence is suspended is not such a final conviction as will support an enhancement of punishment, unless the suspension has been revoked."). Therefore, the evidence showed that Appellant was convicted of burglary in Williamson County and that his conviction became final on June 26, 1986. Appellant did not offer any contrary evidence during the punishment phase. The record supports a finding of true as to the prior conviction alleged in the first enhancement paragraph.

Appellant does not challenge the sufficiency of the evidence to support a finding of true as to the prior conviction for possession of marihuana as alleged in the second enhancement paragraph. Moreover, the punishment evidence shows that a judgment of conviction for possession of marihuana in an amount of five pounds or less but more than four ounces was entered against Appellant on July 2, 1987, and that the trial court sentenced Appellant on July 15, 1987. The judgment also reflects the same cause number, court, and county as that alleged in the second enhancement paragraph. In addition, the judgment reflects that the offense occurred on February 16, 1987, which is after the date the burglary-of-a-building conviction became final.

We hold that the State met its burden of proof to show that Appellant's punishment should be enhanced under Section 12.42(d), and we further hold that the trial court did not illegally sentence Appellant to confinement for a term of thirty-five years. Appellant's punishment falls within the range provided for by Section 12.42(d). Appellant's sixth issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


April 16, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.