**MODIFY and AFFIRM; and Opinion Filed April 27, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00847-CR
### No. 05-16-00849-CR

**KELVIN DUANE RIVERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-15-21832-N and F-16-70420-N**

## MEMORANDUM OPINION

Before Justices Fillmore, Whitehill, and Boatright
Opinion by Justice Fillmore

Appellant Kelvin Duane Rivers was convicted of forgery of a financial instrument in trial court Cause No. F-15-21832-N, convicted of theft in trial court Cause No. F-16-70420-N, and sentenced to ten years' confinement for each conviction. In appeal No. 05-16-00849-CR from the theft conviction, Rivers asserts in his first point of error that because the trial court did not find an enhancement allegation of the indictment to be true, the sentence imposed is illegal as outside the applicable range of punishment. In appeal No. 05-16-00847-CR from the forgery conviction, Rivers asserts in his second point of error that the indictment for forgery of a financial instrument failed to invoke the jurisdiction of the trial court. We modify the trial court's judgment in the theft case to indicate Rivers pleaded true to the enhancement paragraph

and the trial court found the enhancement paragraph to be true. As modified, we affirm the trial court's judgment in the theft case. We affirm the trial court's judgment in the forgery case.

### Background

On July 29, 2015, Rivers was charged by indictment with the third-degree felony of forgery of a financial instrument committed against an elderly victim. *See* TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i) (setting out elements of forgery), (d) (explaining that, in general, forgery of financial instrument is state-jail felony), and (e-1) (elevating offense level "to the next higher category of offense" if it is shown on the trial of the offense that the offense was committed against a person sixty-five years of age or older) (West 2016).[1] Pursuant to a plea agreement, Rivers entered a plea of guilty to the forgery offense. On August 27, 2015, the trial court deferred a finding of guilt and placed Rivers on community supervision for a period of four years and imposed a fine of $2,000 that was probated.

On January 25, 2016, the State filed a motion to proceed with an adjudication of guilt on the forgery offense based on Rivers's alleged violation of condition (d) of his community supervision by failing to report to the community supervision office as directed for the months of September, October, November, and December 2015, or any other month thereafter, and failing to the respond to a court summons. The State subsequently moved to withdraw its motion to proceed to adjudication of guilt on the forgery offense. On February 11, 2016, the trial court granted the State's motion to withdraw its motion to proceed to adjudication of guilt and ordered Rivers's community supervision conditions were modified to require Rivers to serve fifteen days in jail and report to probation officers of the trial court within forty hours of release from jail.

---

[1] The indictment included an enhancement paragraph regarding a December 4, 1995 final conviction in Dallas County, Texas, for the felony offense of aggravated sexual assault with a deadly weapon. However, the trial court granted the State's motion to strike the enhancement paragraph from the indictment.

While on community supervision for the forgery offense, Rivers was charged by indictment with the January 9, 2016 offense of theft of property, namely a motor vehicle, with a value of more than $2,500 and less than $30,000. *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(1), (e)(4)(A) (West Supp. 2016). The indictment also contained an enhancement paragraph regarding a December 4, 1995 final conviction in Dallas County, Texas, for the felony offense of aggravated sexual assault.

On March 29, 2016, the State filed its second motion to proceed with an adjudication of guilt on the forgery offense based on Rivers's alleged violation of condition (a) of his community supervision by violating the laws of the State. Condition (a) provided Rivers was to "[c]ommit no offense against the law of this or any other State or the United States," and was not to possess a firearm during the term of community supervision. In its second motion to proceed to adjudication, the State alleged that on or about January 9, 2016, in Dallas County, Texas, Rivers committed the theft offense.

In the forgery case, Rivers entered an open plea of true to violation of community supervision condition (a) and judicially confessed to committing the theft offense as alleged by the State in its second motion to proceed with adjudication. Rivers also signed a judicial confession and stipulation of evidence, judicially confessing to committing the theft offense exactly as alleged in the indictment. Rivers entered an open plea agreement containing his plea of guilty to the third-degree felony theft offense and true to the enhancement paragraph regarding his prior conviction for aggravated sexual assault. The trial court signed Rivers's plea agreement, wherein the trial court found the guilty plea to have been knowingly, freely, and voluntarily made and accepted Rivers's guilty plea.

Following a hearing on Rivers's open plea of guilt, the trial court found Rivers had violated condition (a) of his community supervision as alleged by the State in its second motion

to adjudicate guilt, found Rivers guilty of the forgery offense, and assessed punishment of ten years' confinement on that charge. The trial court also found Rivers guilty of the theft offense and assessed punishment of ten years' confinement on that charge.

Rivers filed these appeals of the judgments in the forgery offense and the theft offense.

## Theft Offense

In his first point of error, Rivers contends that because the trial court did not make a finding of true on the enhancement allegation in the indictment for the theft offense, it illegally sentenced him to a punishment outside the range of punishment proscribed by law for the offense. According to Rivers, the trial court did not announce an oral finding concerning the enhancement allegation of the indictment and the judgment reflects no finding on the enhancement allegation, and without a finding that the enhancement allegation was true, his sentence was not authorized by law because it is outside the penalty range for the theft offense.

Rivers signed a judicial confession in which he stipulated to the facts contained in the indictment, which included the enhancement allegation, and confessed that he committed the theft offense exactly as alleged in the indictment. The trial court signed its approval of Rivers's stipulation and judicial confession. Rivers also signed a plea agreement in which he pleaded guilty to the third-degree felony theft offense and pleaded true to the enhancement allegation. The plea agreement contains the trial court's admonishments, including the punishment range for the third-degree felony as two to ten years' confinement and an optional fine not to exceed $10,000. In the plea agreement signed by Rivers, his attorney, and the trial court, Rivers acknowledged he understood the range of punishment and admitted and judicially confessed to committing the offense exactly as alleged in the indictment.

At the commencement of the open plea hearing, the trial court stated the theft offense carries a range of punishment of a third-degree felony, that is, two to ten years' confinement and

a fine not to exceed $10,000. Rivers acknowledged to the trial court that he understood the range of punishment for the theft offense and that the theft offense was punishable as a third-degree felony. Rivers pleaded guilty to the theft offense. The record contains the exchange between the trial court and Rivers's counsel regarding the alleged enhancement of the theft-offense indictment to which Rivers had pleaded true and the resulting increase in the range of punishment from that of a state-jail felony to that of a third-degree felony. The trial court found Rivers "guilty on the indictment" of the theft offense beyond a reasonable doubt and assessed punishment of ten years' confinement. The trial court did not make an express finding regarding the enhancement paragraph, but rather marked "N/A" in the spaces of the judgment in which it should have indicated Rivers's plea and its finding on the enhancement paragraph.

Rivers pleaded guilty to the state-jail felony theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (state-jail felony offense if value of property stolen is $2,500 or more but less than $30,000). The punishment range applicable to a state-jail felony is 180 days to two years' confinement and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.35(a), (b) (West Supp. 2016). However, Rivers pleaded true to an enhancement allegation of aggravated sexual assault contained in the indictment. An individual adjudged guilty of a state-jail felony shall be punished for a third-degree felony if it is shown on the trial of the offense that the individual has previously been finally convicted of any felony under section 20A.03 or 21.02 or listed in section 3g(a)(1) of article 42.12 of the code of criminal procedure. *Id*. at § 12.35(c)(2)(A).[2] The enhancement allegation in the theft offense indictment to which Rivers pleaded true was a conviction for aggravated sexual assault, an offense contained in section 3g(a)(1) of article

---

[2] After the open plea hearing, an amendment to section 12.35(c)(2)(A) of the penal code became effective on January 1, 2017. The amendment provides that an individual adjudged guilty of a state-jail felony shall be punished for a third-degree felony if it is shown on the trial of the offense that the individual has previously been finally convicted of any felony under section 20A.03 or 21.02 or listed in article 42A.054(a) of the code of criminal procedure. *See* Act of May 26. 2015, 84th Leg., R.S., ch. 770, § 2.81, 2015 Tex. Gen. Laws 2393, 2393 (current version at TEX. PENAL CODE ANN. § 12.35(c)(2)(A)). We refer to the previous version of section 12.35(c)(2)(A) in this opinion because it was the version in effect at the time of Rivers's open plea hearing and signing of the judgment in the theft case.

42.12. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(g)(1)(E) (section 22.021 of the penal code — aggravated sexual assault). (West Supp. 2016). Thus, the punishment range was enhanced to that of a third-degree felony. The punishment range applicable to a third-degree felony is two to ten years' confinement and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2011).

A trial court is not required to make an oral pronouncement of its findings on enhancements when it assesses punishment. *See Meineke v. State*, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding trial court was not required to make oral pronouncement of its findings on enhancements). Although the better practice is for the trial court to announce orally its enhancement findings before sentencing, the failure to do so does not amount to error as long as the record reflects that the court found the enhancements true and sentenced the defendant accordingly. *See id.*; *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).[3]

A trial court makes an implied finding of true to an enhancement allegation when the record establishes the truth of that allegation. *Torres v. State*, 391 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Additionally, appellate courts have concluded a trial court made an implied finding of true to an enhancement allegation if the sentence imposed was outside the range for the underlying offense, but was within the range for the offense as enhanced by a prior conviction to which the defendant has confessed. *Id.* at 184; *see also Garner v. State*, 858 S.W.2d 656, 659–60 (Tex. App.—Fort Worth 1993, pet. ref'd) (noting trial

---

[3] *See also Davis v. State*, No. 05-14-01374-CR, 2016 WL 310093, at *6 (Tex. App.—Dallas Jan. 26, 2016, no pet.) (mem. op., not designated for publication) (it is preferred that trial courts read enhancement paragraphs orally and find them to be true or not true on the record, but trial court does not err by not doing so; trial court implicitly found enhancement paragraph in indictment to be true and sentenced defendant within correct punishment range).

court assessed defendant's punishment at twenty-five years' confinement and maximum punishment defendant could receive without finding on enhancements was ten years).[4]

Here, the trial court imposed a sentence of ten years' confinement, which is a term of confinement outside the punishment range for a state-jail felony but within the range of punishment for a state-jail felony enhanced by a prior aggravated sexual assault conviction, the enhancement allegation in the theft offense indictment to which Rivers pleaded true. *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(A). Accordingly, we conclude the trial court made an implied finding of true to the enhancement allegation of the theft offense indictment. *See Almand v. State*, 536 S.W.3d 377, 379 (Tex. Crim. App. 1976) (although trial court did not make express finding concerning defendant's prior conviction, it was "obvious" from trial court's admonishments and statements regarding range of punishment that trial court found prior felony conviction and sentenced defendant accordingly); *Torres*, 391 S.W.3d at 184.[5]

Based on Rivers's plea of true to the enhancement allegation of the indictment and the trial court's implied finding that the allegation in the enhancement paragraph of the theft offense indictment was true, the sentence imposed by the trial court was not outside the range of punishment for the theft offense for which Rivers was convicted. We resolve Rivers's first point of error against him.

### Modification of Judgment in Theft Case

The trial court's judgment in the theft case (Cause No. F-16-70420-N) incorrectly reflects "N/A" as Rivers's plea and the trial court's finding as to the enhancement paragraph. The record reflects Rivers pleaded true to the enhancement paragraph, and, as discussed above, we have

---

[4] *See also Harris v. State*, No. 05-02-01728-CR, 2005 WL 639388, at *1, 2 (Tex. App.—Dallas Mar. 21, 2005, pet. ref'd) (not designated for publication) (holding that although trial court made no oral or written findings on two enhancement paragraphs, punishment imposed by trial court fell within enhanced range and trial court had implicitly found enhancement paragraphs to be true).

[5] *See also Enriquez v. State*, No. 05-12-01037-CR, 2014 WL 1010174, at *5 (Tex. App.—Dallas Mar. 13, 2014, pet. ref'd) (mem. op., not designated for publication) (trial court implied finding of true to enhancement paragraph); *Harris*, 2005 WL 639388, at *2.

concluded the trial court impliedly found the enhancement paragraph to be true. Accordingly, we modify the sections of the judgment in Cause No. F-16-70420-N titled "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph" to state "True." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).[6]

**Forgery Offense**

The indictment in the forgery case alleged that on or about June 22, 2015, in Dallas County, Texas, Rivers:

> did unlawfully then and there, with intent to defraud or harm another, namely, JEAN FRAZIER, an elderly individual 65 years of age or older, alter and make and complete and execute and authenticate a writing so it purported to be the act of JEAN FRAZIER, who did not authorize the act, and said writing was a CHECK # 3603 from Bank Name Account Number ending in last four digits 6760 in the amount of $700 made out to [Rivers] from the complainant.

In his second point of error, Rivers contends the indictment did not invoke the jurisdiction of the trial court. Rivers argues that, because the indictment did not "identify the bank account by either name of the bank or the full bank account number" it neither "set out the check in *haec verba*" nor "describe[d] the [allegedly forged] writing with sufficient particularity to excuse the *haec verba* requirement."[7] Therefore, according to Rivers, the indictment "did not allege an offense and failed to invoke the jurisdiction of the trial court."

Under section 32.21(a)(1)(A)(i) of the penal code, "forge" means to "alter, make, complete, execute, or authenticate any writing so that it purports to be the act of another who did not authorize that act." TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i) (West 2016). A person commits the offense of forgery "if he forges a writing with intent to defraud or harm another."

---

[6] *See also Enriquez*, 2014 WL 1010174, at *5 (modifying trial court's judgment to reflect defendant's plea of true and trial court's implied finding of true to enhancement paragraph).

[7] *Haec verba* means verbatim. *See haec verba*, BLACK'S LAW DICTIONARY (10th ed. 2014); *Tynes v. State*, 17 Tex. Ct. App. 123, 128 (1884).

*Id*. § 32.21(b). An offense under section 32.21 of the penal code is a state-jail felony if the writing is or purports to be, among other things, a check. *Id*. § 32.21(d). However, "[a]n offense under this section is increased to the next higher category of offense if it is shown on the trial of the offense that the offense was committed against an elderly individual as defined by Section 22.04." *Id*. § (e-1). "Elderly individual" under section 22.04(c) of the penal code means a person sixty-five years of age or older. *Id*. § 22.04(c)(2) (West Supp. 2016).

No objection to any purported defect, error, or irregularity of form or substance of the indictment was pursued by Rivers in the trial court.[8] Article 1.14 of the code of criminal procedure provides in part that:

> [i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). Rivers acknowledges this "hurdle" to preserving his complaint on appeal regarding the indictment. Furthermore, Rivers did not appeal from the order placing him on deferred adjudication for the forgery offense. As a general rule, the original plea resulting in deferred adjudication cannot be attacked in an appeal of a judgment revoking community supervision. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Rivers acknowledges this additional "hurdle" to preserving his complaint on appeal regarding the indictment.

Rivers contends, however, that he may raise his jurisdictional argument for the first time on appeal because, since the indictment failed to invoke the trial court's jurisdiction, the

---

[8] After he was already represented by counsel, Rivers filed a pro se motion to quash the indictment. That form motion provides "[i]t does not appear from the face of the indictment that this court has jurisdiction over this particular cause," and then indicates the movant should "state reason for lack of jurisdiction." No purported reason for lack of jurisdiction was stated in Rivers's pro se motion. The record does not indicate Rivers brought his pro se motion to the trial court's attention or that Rivers's counsel pursued or sought a ruling on the motion. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (criminal defendant is not entitled to hybrid representation in the same cause and a trial court is free to disregard any pro se motion presented by a defendant who is represented by counsel).

judgment in the forgery case is void. A void-judgment exception exists to the general rule that an original plea resulting in deferred adjudication cannot be attacked in an appeal of a judgment revoking community supervision. *Id.* The void-judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of jurisdiction to render the judgment in question. *Id.* "A void judgment is a 'nullity' and can be attacked at any time." *Id.* at 667–68 (citing *Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998)). Thus, a defendant who was placed on deferred adjudication may raise on appeal of a judgment revoking community supervision error that would render the original judgment void. *Id.* at 668.

The Texas Constitution requires that, unless waived by the defendant, the State must obtain a grand jury indictment in a felony case. *Teal v. State*, 230 S.W.3d 172, 174 (Tex. Crim. App. 2007); *see also* TEX. CONST. art. I, § 10. Absent an indictment or valid waiver, a district court does not have jurisdiction over that case. *Teal*, 230 S.W.3d at 174–75 (citing *Cook v. State*, 902 S.W.2d 471, 475–76 (Tex. Crim. App. 1995)). Rivers asserts the indictment failed to vest the trial court with jurisdiction because the indictment does not satisfy the requisites of a charging instrument and the trial court thus had no jurisdiction over the defendant. *See Nix*, 65 S.W.3d at 668 (judgment of conviction is void when document purporting to be charging instrument — indictment, information, or complaint — does not satisfy constitutional requisites of charging instrument, thus trial court has no jurisdiction over defendant). To constitute a valid indictment under the Texas Constitution, the charging instrument must at least charge a person with the commission of an offense. *Cook*, 902 S.W.2d at 479–80; *see also* TEX. CONST. art. V, § 12(b) ("An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense"). "[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and

–10–

specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997). A charging instrument is constitutionally sufficient if the district court and the defendant can determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which the district court has jurisdiction. *Teal*, 230 S.W.3d at 181.

Applying the test for the constitutional sufficiency of a charging instrument, the indictment in this case contains allegations that Rivers, with intent to defraud or harm an elderly individual, did alter, make, complete, execute, and authenticate a check in the amount of $700 made out to Rivers, such that it purported to be the act of the elderly individual, who did not authorize the act. *See* TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i). The indictment allegation that Rivers committed a state-jail felony offense by forging a check with intent to defraud or harm an elderly individual elevated the offense "to the next higher category of offense." *See* TEX. PENAL CODE ANN. § 32.21(b), (d), and (e-1); *see also* TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2015) (district courts and criminal district courts shall have original jurisdiction in felony criminal cases). The indictment sets out the elements of the offense of forgery and identifies the financial instrument, a check, allegedly forged by Rivers. Thus the district court and Rivers could determine, from the face of the indictment, that the State intended to charge Rivers with the felony offense of forgery for which a district court has jurisdiction. Consequently, the indictment, as a whole, met the constitutional requirements of a charging instrument. *See Teal*, 230 S.W.3d at 182 (indictment, as a whole, was sufficient to vest district court with subject-matter jurisdiction and give defendant notice State intended to prosecute him for felony offense).

Because the indictment is constitutionally sufficient, any alleged defect in the indictment is not jurisdictional, but rather a defect of form or substance that is waived if not raised before

–11–

trial.  *See* TEX. CODE CRIM. PROC. ANN. art.  1.14(b); *Smith v. State*, 309 S.W.3d 10, 17–18 (Tex. Crim. App. 2010).    "[I]ndictments charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court, and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance."  *Teal*, 230 S.W.3d at 177 (citing *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990)).  Thus, because "all substantive defects in indictments" are subject to waiver, the existence of such defects does not render the indictment "void."  *See id*. at 178.

Rivers did not object to the alleged defect in the indictment before the open plea hearing. Therefore, Rivers has waived his argument on appeal that the trial court lacked jurisdiction over the forgery offense.  *See id*.  Accordingly, we resolve Rivers's second point of error against him.

### Conclusion

We affirm the trial court's judgment in the forgery case (Cause No. F-15-21832-N).  As modified, we affirm the trial court's judgment in the theft case (Cause No. F-16-70420-N).

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

160847F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KELVIN DUANE RIVERS, Appellant

No. 05-16-00847-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F-15-21832-N,
Opinion delivered by Justice Fillmore, Justices Whitehill and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of April, 2017.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KELVIN DUANE RIVERS, Appellant

No. 05-16-00849-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F-16-70420-N.
Opinion delivered by Justice Fillmore, Justices Whitehill and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The sections of the trial court's judgment titled "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph" are modified to state "True."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of April, 2017.